# EXHIBIT 1

**IN THE MATTER OF AN *AD HOC* ARBITRATION BETWEEN:**

**HUNTINGTON INGALLS INCORPORATED (USA)**

**(*CLAIMANT*)**

*vs./*

**THE MINISTRY OF DEFENSE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA (VENEZUELA)**

**(*RESPONDENT*)**

**DECISION ON THE MINISTRY'S REQUEST FOR CORRECTION OF THE ARBITRAL AWARD**

**Arbitral Tribunal:**

**Horacio A. Grigera Naón**

**Antonio Hierro**

**José Emilio Nunes Pinto**

## I.  INTRODUCTION

1. This Decision on the Request for Correction of the Arbitral Award (the "Decision") is issued by the Arbitral Tribunal on the date and place indicated below.

2. The Arbitral Award, in both the Spanish and English languages, was issued by the Arbitral Tribunal on February 19, 2018, and the Parties were notified of its issuance by e-mail on that same date. The Arbitral Tribunal thereafter received messages from the Parties acknowledging receipt of (i) the Arbitral Award, (ii) the Partial Dissenting Opinion issued by the Co-arbitrator, Dr. Horacio Grigera Naón, and (iii) the execution pages of both versions of the Arbitral Award showing the signatures of the members of the Arbitral Tribunal.

3. This Decision addresses the procedural issues associated with the Request for Correction of the Arbitral Award submitted by the Ministry in order for the Arbitral Tribunal to render a decision as to its admissibility in light of the law. This Decision also addresses issues related to the merits of the Request for Correction.

## II.  PROCEDURAL HISTORY

4. On February 19, 2018, the Arbitral Tribunal issued the Arbitral Award in the Spanish and English languages.

5. On that same date, by means of an electronic communication, the Arbitral Tribunal notified the Parties of the issuance of the Arbitral Award, and, upon receipt of said notification, each of the Parties acknowledged receipt of the Arbitral Award forthwith.

6. By means of an electronic message dated February 22, 2018, Claimant requested that the Chairman of the Arbitral Tribunal forward to it an original or certified copy of the Arbitral Award, no hard copy of the Arbitral Award having been sent to the Parties.

7. By an electronic message dated February 28, 2018, the Chairman of the Arbitral Tribunal advised both Parties that the Arbitral Award and other

related documents had been sent to the Parties by electronic means only, and requested them to advise by return e-mail not later than March 2, 2018 whether the Parties were willing to receive certified copies of the Arbitral Award in the two languages.

8. By an electronic message dated that same date, Claimant informed the Arbitral Tribunal that it would like to receive a certified copy of the Arbitral Award and of the Partial Dissenting Opinion in both languages. The Ministry did not respond to the Arbitral Tribunal's inquiry before the deadline established by the Chairman of the Arbitral Tribunal in his message.

9. On March 13, 2018, the Chairman of the Arbitral Tribunal dispatched by express courier to both Parties certified copies of the Arbitral Award and of the Partial Dissenting Opinion in their two languages.

10. On April 5, 2018, the Ministry filed by electronic means the Request for Correction accompanied by a document evidencing the receipt of the documents forwarded by the Chairman of the Arbitral Tribunal on March 15, 2018.

11. By means of an electronic message dated April 6, 2018, the Arbitral Tribunal granted leave for Claimant to comment on the Request for Correction filed by the Ministry.

12. On April 11, 2018, Claimant filed its Response to the Request for Correction of the Arbitral Award accompanied by a document evidencing the Ministry's acknowledgment of receipt of the Arbitral Award on February 19, 2018.

13. On April 16, 2018, the Ministry filed a request to comment on Claimant's submission dated April 11, 2018.

14. By means of an electronic message dated April 17, 2018, the Arbitral Tribunal granted leave for the Ministry to comment on Claimant's submission as requested by not later than April 20, 2018 by 6 p.m. New York time (7 p.m. Brazil time).

15. On April 20, 2018, the Ministry filed its comments on Claimant's submission dated April 11, 2018.

### III.  THE REQUEST BY THE MINISTRY

16. The Request for Correction filed by the Ministry deals with a reference to the Contract contained in footnote 12 of the Arbitral Award. The Ministry asserts that such footnote makes reference to there being a Spanish version and an English version of the Contract and identifies those documents by their respective numbers under the Joint Chronological List of Documents.

17. The Ministry transcribes excerpts from the Arbitral Award where the Arbitral Tribunal states and concludes that the Contract was executed only in Spanish by the Parties and that that is the version that shall prevail, notwithstanding Claimant having used a working version of the Contract in English. The Ministry avers that the Arbitral Award indicates that, particularly with respect to Clause 59 of the Contract, the translation into English fails to reflect properly the text in Spanish by omitting a word which was fundamental for the construction of such provision.

18. Hence, the Ministry requests that the Arbitral Tribunal correct footnote 12 so that the Arbitral Award clearly states that the English translation is not a version of the Contract which was indeed only executed in Spanish.

### IV.  THE RESPONSE BY CLAIMANT

19. In its response to the Ministry's Request for Correction, Claimant asserts that the Request for Correction by the Ministry was untimely filed in light of article 32 of the Venezuelan Arbitration Act, and that such request is a transparent attempt by the Ministry to delay the payment of the amounts due to Claimant.

20. Claimant refers to the 15-business day period provided by the Venezuelan Arbitration Act for a party to file a request for correction or clarification. Claimant asserts that such 15-business day period shall be computed from the date the award was issued. Since it is clearly stated in page 1 of the Arbitral Award that it was issued on February 19, 2018, that should then be the starting point for computing the period of time provided by law.

21. Claimant rejects the position assumed by the Ministry whereby the

latter states that the Arbitral Award was "notified" to the Parties on March 15, 2018. Claimant claims that the Ministry received on that date a certified copy of the Arbitral Award that had been timely "notified" to the Parties by electronic mail on February 19, 2018.

22. Claimant asserts that Counsel for both Parties acknowledged receipt of the Arbitral Award on February 19, 2018 and attached a document to support such allegation.

23. Thus, Claimant concludes that the period for requesting clarifications or corrections provided by law expired prior to the filing of the Request by the Ministry, and that the Ministry's Request should be denied.

24. Claimant also avers that the Arbitral Award is very clear in several passages in stating that the Spanish text signed by the Parties is the official and controlling Contract rather than the working version in English. Hence, even if the footnote referred to by the Ministry might have had a different drafting more acceptable to the Ministry, the correction requested by the Ministry is immaterial and may not serve as a basis for issuing a corrected Arbitral Award.

## V. THE MINISTRY'S COMMENTS ON CLAIMANT'S SUBMISSION

25. In its comments the Ministry reiterated that its request for correction of the Arbitral Award was motivated by article 32 of the Venezuelan Arbitration Act, which, as per the decision made by the Arbitral Tribunal, is applicable to these arbitral proceedings. The Ministry claims it has a right to have the Arbitral Award corrected due to its determination that there is an error that may lead to the belief that an English version of the Contract exists despite the fact that the Arbitral Tribunal stated in other passages that the English translation should not be relied upon due to inconsistencies with the controlling original Spanish text. Moreover, the Ministry understands that the English translation of the Contract was a working document used solely by Claimant.

26. The Ministry avers that the Parties have a right to an intelligible Arbitral Award, that the Arbitral Tribunal has an obligation to provide such an award and that the members of the Arbitral Tribunal have an obligation to secure

such right. Thus, the Ministry voices surprise at the position assumed by Claimant in opposing to the requested correction.

27. The Ministry challenges the arguments put forward by Claimant with respect to the request being submitted too late. The Ministry analyzes the language of articles 31 and 32 of the Venezuelan Arbitration Act to conclude that, under such Law, once the arbitral award is issued, a hard copy of the award duly signed by the arbitrators must be conveyed to the Parties. The Ministry asserts that the hard copy of the Arbitral Award was only received on April 15, 2018 and therefore that the applicable period for filing a request for correction started to run on that date.

28. The Ministry further analyzes the language of the statutory provision in question and concludes that there is a difference between the issuance of an arbitral award and its subsequent notification. As per the Ministry, the notification has to be made by the remittance of the hard copy.

29. Lastly, the Ministry rejects the arguments put forward by Claimant that it intends to create a new circumstance that would enable it to open up the possibility for its attempting to set aside the Arbitral Award. The Ministry is adamant in stating that, as per the Venezuelan Arbitration Act, all periods of time subsequent to the issuance of the award shall only run upon reception of the hard copy of the award or the decision that proceeds with any corrections requested. Thus, the Ministry states that the argument tendered by Claimant may not prevent the Arbitral Tribunal from correcting the error identified by the Ministry.

## VI.   DECISION BY THE ARBITRAL TRIBUNAL

30. In Procedural Order No. 2, the Arbitral Tribunal decided that the Venezuelan Arbitration Act of 1998 should apply to the proceedings and that the UNCITRAL Rules of 1976 should apply on a subsidiary or complementary basis. Thus, under Article 32 of the Venezuelan Arbitration Act, any request for correction and clarification must be filed within the period of fifteen (15) business days from the date of issuance of the award. The Ministry claims that the Arbitral Award was "notified" on March 15, 2018, when the certified copies were delivered to the Ministry. Claimant, however, avers that the

Arbitral Award was "notified" to both Parties on February 19, 2018.

31. Based on the objection raised by Claimant as to the timeliness of the filing by the Ministry of the Request for Correction, the Arbitral Tribunal will first decide on the admissibility of the Request for Correction and will then, to the extent that it is admissible, decide on the merits of the Request for Correction.

32. Firstly, the Arbitral Tribunal emphasizes that during the course of the arbitration any and all communications between the Arbitral Tribunal and the Parties were made by electronic means only, such as the communication of Procedural Orders to the Parties, and other communication between the Arbitral Tribunal and the Parties, as is reflected in the section of the Arbitral Award dealing with the Procedural History.

33. Hence, the communication of the Arbitral Award to the Parties by electronic mail with a request for acknowledgment of receipt on that same date, *i.e.* February 19, 2018, shall be deemed the notification date of the Arbitral Award to the Parties for any and all purposes, including for computing the period of time for the filing of the application for any correction or clarification. The Arbitral Tribunal underscores that the method chosen by the Arbitral Tribunal for such notification is consistent with the mode of communication used between the Arbitral Tribunal and the Parties throughout the arbitral proceeding, and that the Parties never challenged the adoption of such form of procedure.

34. Furthermore, by an electronic message dated January 26, 2018, the Arbitral Tribunal advised the Parties that it had decided within the time limit imparted to it in accordance with the Parties' agreement, but that it would need more time to secure that the two versions of the Arbitral Award were checked for consistency with one another prior to their notification. By means of an electronic message dated February 8, 2018, the Arbitral Tribunal, for the reasons referred to therein, requested the agreement of the Parties for an extension of time for the notification of the Arbitral Award and, at that same time, offered the Parties to notify the English language version of the Arbitral Award on February 9, with the Spanish version being notified later in that same month once IT problems were overcome. The

Ministry, by an electronic message dated February 8, 2018 expressed that it preferred that the Arbitral Award be notified in its two languages simultaneously.

35. Hence, the electronic communication of the Arbitral Award to the Parties, in addition to complying with the time limit agreed upon by the Parties, met the Ministry's expectation with respect to the notification, as the Ministry has actually stated. On February 8, 2018, the Ministry expressed its preference that the Arbitral Award be notified simultaneously in both languages by stating in Spanish: "*Esta representación prefiere que el laudo sea notificado una vez que esté disponible en ambos idiomas*" (which may be freely translated into English as: "*This counsel prefers that the award be notified once it is available in both languages*"), and later it acknowledged receipt of the electronic version of the Arbitral Award in its two languages on February 19, 2018 by stating in Spanish: "*Nos damos por notificados*" ("*We consider ourselves notified*"). Thus, the argument presently put forward by the Ministry, that notification had to be made by the remittance of hard copies for a Party to be deemed notified of the Arbitral Award, is not substantiated by the facts and therefore its argument that its request for correction was timely must be rejected.

36. The remittance of certified hard copies of the Arbitral Award in two languages was made in response to the special request submitted by Claimant and was not intended to affect or modify any notification insofar as notification had already taken place on February 19, 2018. The Arbitral Tribunal stresses that, even when it was consulted by the Arbitral Tribunal as to its interest in receiving the certified copies in two languages, the Ministry did not respond to such inquiry but nonetheless received the hard copies simultaneously with Claimant, as the document attached with the filing of such Request for Correction shows.

37. Thus, pursuant to Article 32 of the Venezuelan Arbitration Act, the Request for Correction was untimely because it was filed after the expiration of the time period provided for therein.

38. In view of the foregoing, the Request for Correction is inadmissible.

39. This same conclusion would result from the application of Article 30 of the Brazilian Arbitration Act, the law of the place of arbitration. Under such legal provision, the time period granted to a party to file a request for clarification or correction is five (5) days. Unlike the Venezuelan Arbitration Act, which provides for a period of time determined by business days, under the Brazilian Arbitration Act, the number of days provided are computed consecutively.

40. Hence, regardless of whether the timeliness of the Request for Correction is ascertained in light of the Venezuelan Arbitration Act or the Brazilian Arbitration Act, the Request for Correction filed by the Ministry is inadmissible for being untimely.

## DISPOSITIVE SECTION

41. In view of the foregoing, the Arbitral Tribunal, by the unanimous vote of its members, **DECIDES** that the Request for Correction filed by the Ministry is inadmissible. *.*.*.*.*.

Place of Arbitration:	Rio de Janeiro, Brazil

Date:	7 May 2018

Horacio A. Grigera Naón

Antonio Hierro

José Emilio Nunes Pinto

Place of Arbitration:    Rio de Janeiro, Brazil

Date:                    7 May 2018


Horacio A. Grigera Naón


Antonio Hierro


José Emilio Nunes Pinto

Place of Arbitration:   Rio de Janeiro, Brazil

Date:   7 May 2018

Horacio A. Grigera Naón

Antonio Hierro

José Emilio Nunes Pinto

1