**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| HUNTINGTON INGALLS INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> MINISTRY OF DEFENSE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant, | Civil No. 18-cv-0469 (KBJ) |

**RESPONSE TO PETITIONER'S RESPONSE
TO THIS COURT'S ORDER TO SHOW CAUSE WHY
<u>THIS MATTER SHOULD NOT BE TRANSFERRED OR DISMISSED</u>**

**Table of Contents**

INTRODUCTION ........................................................................................................................... 1

PROCEDURAL BACKGROUND .................................................................................................... 1

ARGUMENT ................................................................................................................................. 4

    I.   The counts alleged in the Complaint contain a distinction with a difference ................... 4

    II.  The Mississippi Court has retained broad jurisdiction, which the parties have not limited. ……………………………………………………………………………………..6

        A. The 2010 Order employs substantially similar language as the 2003 Order and granted Huntington's request to broadly retain jurisdiction ......................................... 6

        B. Huntington cannot extinguish the Ministry's right to appeal by filing this    action ...................................................................................................................................... 7

    III.  Venue is not the proper consideration............................................................................... 9

    IV.  The Ministry seeks a prompt decision refusing recognition of the Award ..................... 10

# **Table of Authorities**

**Cases**

CBF Industria de Gusa SA v. AMCI Holdings Inc., 850 F.3d 58, 73 (2d Cir. 2017) .................... 5

Oilmar Co. v. Energy Transp. Ltd., 2014 AMC 160, 2014 WL 8390659 (D.Conn. 2014).......... 10

Productos Mercantiles e Industriales, S.A. v. Faberge USA, Inc., 23 F.3d 41, 45 (2d Cir. 1994) . 5

Save Power Ltd. v. Syntek Finance Corp, 121 F. 3d 947, 950 (5th Cir. 1997) .............................. 9

TermoRio S.A. E.S.P. v. Electranta, S.P., 487 F.3d 928, 933 (D.C. Cir. 2007) ............................. 5

**Statutes**

9 U.S.C. § 207 ................................................................................................................................ 5

9 U.S.C. § 302 ................................................................................................................................ 5

9 U.S.C. § 9 .................................................................................................................................... 5

Pursuant to this Court's Order to Show Cause (the "OSC"), dated February 15, 2019, the Ministry of Defense of the Bolivarian Republic of Venezuela (the "Ministry") responds to the Response to the OSC (the "Response") filed by Huntington Ingalls Incorporated ("Huntington"), and in support thereof states as follows:

## INTRODUCTION

In many ways, this case presents a unique set of facts: two sets of related proceedings between the same parties regarding the same arbitration award, almost 17 years of litigation, and an arbitration tribunal that changed the seat of arbitration to a country no one requested. But these peculiarities stem from Huntington's litigation strategy. The Response is yet another example. Huntington should never have filed this action before this Court, and it can provide no meaningful distinction between the two times the Southern District of Mississippi has retained jurisdiction, or any reason to ignore the order currently retaining jurisdiction over this matter. Although the Ministry looks forward to the proper Federal district court rejecting recognition of the arbitration award, the Court would be more than justified in dismissing this case for lack of jurisdiction.

## PROCEDURAL BACKGROUND

While Huntington begins the Response focusing on the text of its Complaint, there are many gaps in the facts underlying the case that forms the basis of the OSC: *Northrop Grumman Ship Sys., Inc. v. Ministry of Defense of the Republic of Venez.*, No. 1:02-cv-00785-HSO-RHW (S.D. Miss) (the "Mississippi Action"). But the text of the decision in the Mississippi Action is important and requires further consideration.

Suing under its former name, Huntington moved to compel arbitration in 2003, asking the Southern District of Mississippi (the "Mississippi Court") to retain jurisdiction. *See* Mississippi Action, ECF No. 29, dated January 28, 2003 (**Exhibit A**). The Mississippi Court compelled

1

arbitration and retained jurisdiction. *Id.* ECF No. 43, dated April 16, 2003 (**Exhibit B**) and ECF No. 60, dated March 31, 2005 (**Exhibit C**). The Ministry had not entered any appearance at that time. *Id.* ECF No. 45, dated January 30, 2004 (**Exhibit D**). The Court ultimately suspended the first arbitration, and the case returned to the Mississippi Court, exactly as Huntington had requested. *See* **Exhibit C**.

After proceedings related to an improperly negotiated settlement by the Ministry's then-counsel, both the Ministry and Huntington moved to compel arbitration. *Id.* ECF No. 157, dated November 6, 2009 (**Exhibit E**) and ECF No. 160, dated December 7, 2009 (**Exhibit F**). Huntington sought to compel arbitration in the Southern District of Mississippi, and it requested that the Mississippi Court "retain jurisdiction pending a decision by a new arbitral tribunal." *Id*. In an order dated December 4, 2010 (the "2010 Order"), the Mississippi Court agreed, only in part, with Huntington. *Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of Republic of Venezuela*, No. 1:02-cv-00785, 2010 WL 5058645, at * 5 (S.D. Miss. Dec. 4, 2010). The Mississippi Court compelled arbitration, but it did not dismiss the action.

In the 2010 Order, the Mississippi Court found that enforcing the arbitration clause as drafted would be unreasonable and ordered the parties to find a mutually agreeable alternative seat for the arbitration proceeding. *Id.* at * 4. The Parties were asked to notify the Court within 15 days of the 2010 Order. *Id.* at * 5. If the parties were unable to agree on the location of a seat, the 2010 Order indicated that the Court would select the location as the arbitration was ordered to take place within 60 days of the 2010 Order. *Id.* The Court thus granted Huntington's cross-motion to compel arbitration but declined to compel arbitration in the Southern District of Mississippi and granted the motion to retain jurisdiction "in order to bring this matter to conclusion after arbitration." *Id.*

2

After the 2010 Order, the Ministry timely filed a notice of appeal. *See* Mississippi Action, ECF No. 230, dated December 30, 2010 (**Exhibit G**). In its notice, the Ministry reserved its rights to appeal the 2010 Order in accordance with 9 U.S.C. § 16(a). *Id.* The Fifth Circuit dismissed the appeal for lack of jurisdiction, citing two cases for the proposition that the order was not final and appealable under the Federal Arbitration Act. *In re Ministry of Defense of Republic of Venez.*, No. 11-60001, (Mar. 23, 2011) (**Exhibit H**). In the Mississippi Court, the parties have been ordered to file status reports approximately every 90 days. *See, e.g.,* Mississippi Action, Text Order Issued on October 2, 2017; Text Order Issued on December 27, 2017; Text Order Issued on February 19, 2018; Text Order Issued on July 10, 2018; Text Order Issued on September 11, 2018; Text Order Issued on December 10, 2018; Text Order Issued on February 27, 2019 (**Exhibit I**).

During the pendency of the arbitration, an award creditor sought to attach certain funds held in trust. The (then) Republic of Venezuela had put those funds in trust, titled under the name of the Bank of New York ("BONY"), and held pursuant to the terms of the trust, which was domiciled in the State of New York. Crystallex International Corporation ("Crystallex"), a judgment creditor of the Republic, not the Ministry, represented by some of the same attorneys as Huntington, sought a turnover order in the Southern District of New York, aimed at claiming all of the trust assets. *See Crystallex Int'l Corp. v. The Bank of New York Mellon,* Case No. 1:17-cv-07024, ECF No. 1 (S.D.N.Y Sept. 14, 2017) (**Exhibit J**). After a limited amount of litigation over entitlement to the trust assets, the relevant parties settled the action, which was duly dismissed in New York. As a part of the settlement, the Mississippi Court dismissed BONY as a party. *See* Mississippi Action, ECF No. 372, dated April 18, 2018 (**Exhibit K**).

After the settlement over the funds in trust, the arbitral tribunal rendered its award. Instead of returning to the Mississippi Court, Huntington filed a Complaint before this Court naming two

counts: one for confirmation of the arbitration award (the "Award") and one for recognition and enforcement of the Award. ECF No. 1, pp. 9 and 15. Apparently confused as to the seat of arbitration, Huntington first requested confirmation of the Award pursuant to the Panama Convention as incorporated into the FAA (9 U.S.C. §201, 202 and 302). ECF No. 1, ¶ 25. Huntington argued that under the FAA, the United States Court in the district in which the award was made has the authority to confirm an award, citing 9 U.S.C. § 9. ECF No 1, ¶ 28. In pursuing this request, Huntington implicitly recognized that the Tribunal had lacked the authority to move the legal seat of arbitration to Rio de Janeiro. ECF No. 1, ¶ 28. In the alternative, and in the event this Court finds that the seat of arbitration is not Washington D.C., Huntington sought in Count II the recognition and enforcement of the Award pursuant to 9 U.S.C. §§ 9, 207, 302, and Articles 4 and 5 of the Panama Convention. ECF No. 1, p. 15.

The Ministry moved to dismiss ECF No. 21, and in its opposition, Huntington dropped its claim for confirmation, proceeding only on Count II for recognition and enforcement. ECF No. 22.

**ARGUMENT**

**I.   THE COUNTS ALLEGED IN THE COMPLAINT CONTAIN A DISTINCTION WITH A DIFFERENCE**

Searching for a chance to re-argue its Opposition to the Motion to Dismiss, Huntington embarks on a lengthy description of its Complaint. The language used is unavailing. When Huntington filed its Complaint, it drew a strong distinction between two different types of relief. Huntington sought to confirm the Award or alternatively recognize and enforce the award pursuant to 9 U.S.C. §§ 9, 207, and 302, and Articles 4 and 5 of the Panama Convention. ECF No. 1, pp. 41, 47. The two counts could only be "in the alternative" if they sought different things.

Huntington reinforced the distinction with the case law it cited. Huntington affirmed that the Panama Convention applies to the Award and that the Award can be "confirmed" pursuant to 9 U.S.C. § 9 and § 207. It relied on *TermoRio S.A. E.S.P. v. Electranta, S.P.*, 487 F.3d 928, 933 (D.C. Cir. 2007) and *Productos Mercantiles e Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 45 (2d Cir. 1994) to illustrate this court that by using the Panama Convention this court has the power to "confirm" the award. ECF No. 1, p. 29.

The distinction appeared again in Huntington's Opposition to the Motion to Dismiss, As it must, Huntington amended its position to seek only recognition and enforcement of the Award and no longer confirmation pursuant to 9 U.S.C. §§ 9, 207, 302. ECF No. 22, p. 2. If confirmation and recognition are essentially the same, there would have been no reason for this change. But Huntington agreed that Washington D.C. was no longer the seat of arbitration. ECF No. 22, p. 2. This change required Huntington to drop the claim for confirmation and undermine any similarity between confirmation and recognition.

Trying to claim confusion, Huntington now wants to blur the terms by claiming a lack of precision, stating that "to explain why [two cases involving precisely the same issue may be simultaneously pending in a different District Court] requires a clarification of the relief it seeks in this Court." ECF No. 27, pp. 2, 3. But the case cited is unhelpful. Huntington relies on *CBF Industrial de Gusa SA v. AMCI Holdings Inc.*, 850 F.3d 58, 73 (2d Cir. 2017) to amend its supposed confusion regarding the concepts of confirmation, recognition and enforcement. ECF No. 27, p. 3. These concepts are well shaped in the case law as shown by this Court in the OSC and the cases cited by Huntington. *See*, OSC. ECF No. 25, p.2, *de Gusa*, 850 F.3d at 74. There is no confusion in the types of relief sought, and the opening section of the Response adds nothing to the debate.

## II. THE MISSISSIPPI COURT HAS RETAINED BROAD JURISDICTION, WHICH THE PARTIES HAVE NOT LIMITED

### A. The 2010 Order employs substantially similar language as the 2003 Order and granted Huntington's request to broadly retain jurisdiction

To try to save its case before this Court, Huntington retroactively seeks to narrow the scope of the 2010 Order, by claiming that the Mississippi Court only retained jurisdiction to "preserve certain assets for later collection." But the text of the Order and Huntington's requested relief as granted in the 2010 Order contradict this narrow interpretation.

Contrary to Huntington's argument, the scope of jurisdiction retained by the Court in the 2010 Order is no different than the 2003 Order. As acknowledged by Huntington, pursuant to the 2003 Order, the Court retained jurisdiction "to resolve any disputes regarding the scope of arbitrable issues, and to enforce the decision and award rendered by the arbitrators." ECF No. 27, p. 6. In Huntington's Cross-Motion to Compel Arbitration in the District of Southern Mississippi and Retain Jurisdiction (the "Cross-Motion"), Huntington expressly requested that the Court retain jurisdiction of the case, "just as did when it ordered arbitration in 2003." *See* **Exhibit F**. In its 2010 Order, the Mississippi Court granted Huntington's Cross-Motion to Retain Jurisdiction, without reservation. *Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of Republic of Venez.,* No. 1:02-cv-00785, 2010 WL 5058645, at * 5 (S.D. Miss. Dec. 4, 2010).

While the Mississippi Court made reference to BONY, it did not expressly limit its jurisdiction to "ensure that the funds in BONY's possession would be used in a manner consistent with a future award…" ECF No. 27, p. 7. Huntington has impermissibly read this text into the 2010 Order; the words and intent that Huntington attempts to impart are plainly not there. Had the Court wished to limit its jurisdiction it would have expressly stated so, but instead it used broad,

sweeping language. And if there is any doubt regarding the scope of the language, the Mississippi Court should resolve the question.

The administrative closing of the case does little to further Huntington's argument. As the text of the Order itself states, the closing of the case "shall not be considered a dismissal or disposition of this matter." *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venez.,* No. 1:02-cv-00785, ECF No. 264, dated March 21, 2014 (**Exhibit L**). The mere closing of the case without a final judgment or dismissal has no legal effect. The Mississippi Court further clarified that the parties may reopen for further proceedings including "to file and enforce the arbiter's order, of for other reasons." *Id*. This only serves to reinforce the broad jurisdiction retained by the Court in its 2010 Order.

Finally, there is no basis for concluding that the scope of the retention of jurisdiction is limited by the fact that the Republic or the Mississippi Court failed to complain or object to the proceedings being filed before this Court. Huntington makes references to the status reports filed in the Mississippi Case to suggest that the Mississippi Court has acquiesce to this Court's jurisdiction over the matter. Huntington cites no support for this proposition, serving as another example of unsupported inferences Huntington wishes to draw as to the Mississippi Court's intent and authority.

> **B.     Huntington cannot extinguish the Ministry's right to appeal by filing this action**

Huntington's argument that the Ministry has "lost" any right to appeal the 2010 Order is without merit. At a fundamental level, the Fifth Circuit's order dismissed the Ministry's appeal, finding that the Ministry "must await" to appeal the forum determination until the district court's final, appealable judgment is issued. *In re Ministry of Defense of Republic of Venezuela,* No. 11-

7

60296, 2011 WL 2473482 * 1 (5th Cir. June 21, 2011). There is nothing to "await" if the Ministry waived its right to appeal by arbitrating its dispute with Huntington, especially when the Mississippi Court ordered the parties to arbitrate. Huntington cites no case law to support its proposition, and the argument fails to fulfill the words used by the Fifth Circuit.

Huntington's other argument tries to again re-litigate the motion to dismiss, again failing to be persuasive. The record does not support an argument that the Ministry waived any right to appeal the 2010 Order through its actions in the arbitration proceedings. As repeated for almost two decades, the Ministry never agreed to allow the Tribunal to determine the seat of arbitration, it merely requested that the Tribunal declare that the place of arbitration, as contractually agreed, is the City of Caracas, Venezuela. ECF No. 1-16, p. 30. This relief came as yet another objection to arbitration contrary to the terms of the Contract.

In any event, Huntington's own wrong-headed argument cannot support any notion of waiver. As the arbitral tribunal (incorrectly) stated, the Mississippi Court's decision "had the force and effects of *res judicata*" leaving no room for the arbitration tribunal to disturb the Court's 2010 Order. ECF No. 1-16, p. 34. By declining to address the merits of the 2010 Order, the Tribunal could not have believed that the Ministry had changed its position leading up to the 2010 Order. And this is the key element that Huntington must prove to even come close to succeeding. Huntington must show that the Ministry somehow changed its position, giving the Tribunal the

right to resolve an issue in the 2010 Order. There is no evidence that the Tribunal ever wanted to look behind the 2010 Order, and there is no merit in Huntington's argument on this point.[1]

Finally, Huntington seems to argue that it could somehow divest the Ministry of its right to appeal by filing the instant action, as if the Ministry's response to the Complaint created a waiver. This argument fails under the logic of Huntington's other arguments. If Huntington believes that there is no overlap in the issues between this action and the Mississippi Action, then this action cannot serve as a basis to upend the Republic's right to appeal the 2010 Order. Extending Huntington's argument, waiver is a particularly inappropriate conclusion. If there is an overlap of issues, then the Mississippi Court has primary jurisdiction under the first-filed rule. *See, e.g., Save Power Ltd. v. Syntek Finance Corp,* 121 F. 3d 947, 950 (5th Cir. 1997) (recognizing a general rule that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed").

## III. VENUE IS NOT THE PROPER CONSIDERATION

Venue is not a relevant factor for this Court's decision on whether to exercise jurisdiction over this matter. The issue is concurrent jurisdiction between this Court and the Mississippi Court, and the cases cited by Huntington do not change this conclusion. Huntington tries to argue that its primary case, *Oilmar*, lays down a precedent for permitting concurrent jurisdiction by looking only at venue. But *Oilmar* stands for something completely different. In *Oilmar*, the court was reviewing a motion to confirm that related to would have determined the ownership of assets held

---

[1] As part of its waiver argument, Huntington argues that the Ministry somehow waived its right to appeal when the Tribunal moved the seat of arbitration to Rio de Janeiro. The logic is so tenuous that it is difficult to engage with the argument. But for the sake of clarity, the Ministry never agreed to Rio de Janeiro or to allow the Tribunal to move the seat to Rio de Janeiro. The Tribunal never claimed to change the 2010 Order and the appellate rights that attached. If neither the Tribunal nor the Ministry intended to waive a right to appeal (or create a waiver), then there is no basis to conclude otherwise.

9

in the court registry in Connecticut. *Oilmar Co. v. Energy Transp. Ltd.*, 2014 AMC 160, 2014 WL 8390659 (D.Conn. 2014). In 2003, the court had attachment the funds and transferred to the court's registry. *Oilmar Co. v. Energy Transp., Ltd.*, AMC 2366, 2003 WL 21976599 (D.Conn. 2003). The pending motions sought a determination of the ownership of those funds, which was a separate issue specific to that asset, which the court had been holding for 11 years.

*Oilmar* also says nothing to the issue of "retaining jurisdiction" and how that can affect the jurisdiction of another federal district court. At its best, *Oilmar* can only speak to questions of venue, but it cannot resolve the issue here. *Oilmar* does not try to analyze the effect of one federal district court "retaining jurisdiction," similar to any discussion of *forum non conveniens*. In all three cases about *forum non conveniens*, there is no issue of concurrent jurisdiction, no analysis of the meaning of "retaining jurisdiction," and no real assistance for the Court to make a decision on the Response.

## IV. THE MINISTRY SEEKS A PROMPT DECISION REFUSING RECOGNITION OF THE AWARD

Although this action has presented numerous interesting questions of federalism, the Ministry wants to see the Award properly denied recognition. The Ministry has presented a compelling case to deny recognition of the Award, and if this Court exercises its discretion to deny recognition, the sooner the better. But the Ministry cannot relinquish its right to appeal the incorrect decision by the Mississippi Court to compel arbitration within the United States. Similarly, the Ministry cannot consent to waive defenses as a condition precedent to transfer or dismissal of this action, especially without knowing what Huntington will file in Mississippi (if it chooses to file anything). Without revealing the details of conversations between counsel, the

Ministry does not agree with Huntington's characterization of the matter in page one of the Response.

Respectfully submitted,

*/s/ Quinn Smith*

**GST LLP**
Rodney Quinn Smith
DCD Bar No. FL0027
e-mail: quinn.smith@gstllp.com
1111 Brickell Avenue, Suite 2715
Miami, Florida 33131
(T) (305) 856-7723

Gary J. Shaw
DC Bar No. 1018056
e-mail: gary.shaw@gstllp.com
1875 I St. NW, Floor 5
Washington DC 20009
(T) (202) 681-0529

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, which shall serve copies of this filing on every party to this action. I further certify that I am unaware of any non-CM/ECF parties.

By: */s/ Gary J. Shaw*